```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANNIE L. WILLIAMS,
                                                    MEMORANDUM AND ORDER
                Plaintiff,                          11-CV-3144 (FB)

        -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
-------------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*                           *For the Defendant:*
CHARLES E. BINDER, ESQ.                        LORETTA E. LYNCH, ESQ.
Law Offices of Harry J. Binder and             United States Attorney
Charles E. Binder, P.C.                        SETH D. EICHENHOLTZ, ESQ.
60 East 42nd Street, Suite 520                 Assistant United States Attorney
New York, NY 10165                             Eastern District of New York
                                               271 Cadman Plaza East
                                               Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Plaintiff Annie Williams seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for benefits under the Social Security Act (the "Act").

Williams first applied for benefits on August 6, 2008, alleging that she became disabled on September 5, 2005 as a result of major depressive disorder, anemia and degenerative disc disorder. Following a hearing, an Administrative Law Judge ("ALJ") determined that Williams was disabled under the Act because, although she retained the residual functional capacity ("RFC") to perform sedentary work, it was with "significant limitations" in her ability to: "understand, remember, and carry out instructions"; "respond appropriately to supervisors,

co-workers, and usual work situations"; "tolerate ordinary levels of stress"; and "adapt to changes in a routine work setting," A.R. at 70; as a result of those limitations there were no jobs in the national economy that Williams could perform. The ALJ also found, however, that Williams had a history of substance abuse, and that "if [she] stopped the substance abuse, [she] would have the [RFC] to perform the full range of sedentary work" without significant limitations and would be able to perform her past relevant work as a security guard. A.R. at 74. He concluded that substance abuse was "a contributing factor material to the determination of disability," and consequently Williams was "ineligible to receive benefits." A.R. at 76. The ALJ issued his written decision on January 12, 2010. On May 16, 2011, the Appeals Council denied Williams's request for review, rendering the Commissioner's decision to deny benefits final.

"In reviewing the final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) *(*"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."*)*.

The parties agree that this matter should be remanded to the Commissioner for further proceedings because the ALJ applied an improper legal standard, but disagree regarding the nature of the ALJ's error. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) ("When . . . the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence."). Williams contends that the matter should be remanded because the ALJ's evaluation of Williams's substance abuse was not supported by substantial evidence, the ALJ's assessment of Williams's credibility was improper,

2

and the Appeals Council failed to consider new and material evidence. The Commissioner contends that the ALJ only erred in failing to address the opinion of Dr. C. Anderson, a consulting physician.

The Court agrees that the ALJ erred in concluding that Williams's substance abuse was a contributing factor material to the disability determination because that decision was not supported by substantial evidence. The ALJ improperly disregarded evidence from Williams's treating psychiatrist, Dr. Joel Breving, which showed that Williams's mental impairments remained severe even in the absence of alcohol abuse. Breving's opinion stated that Williams was "abstinent," but Williams testified at her hearing that she still occasionally drank alcohol; as a result the ALJ concluded that the doctor had erred "in a fundamental fact" and his opinion must be disregarded. A.R. at 73. The ALJ did not make a meaningful attempt to clarify Breving's opinion in light of Williams's testimony, and instead relied upon the assessment of a non-treating psychologist-consultant and his own assumptions about Williams's condition. *See Balsamo v. Chater*, 142 F.3d 75, 91 (2d Cir. 1998) ("[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion. . . he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him"); *Rice v. Barnhart*, 127 Fed. Appx. 524, 525 (2d Cir. 2005) ("The ALJ may not reject the treating physician's conclusions based solely on inconsistency or lack of clear findings without first attempting to fill the gaps in the administrative record.").

The ALJ also erred by failing to address the medical opinion of a state agency psychological consultant, Dr. Anderson. *See* 20 C.F.R. § 416.927(d) (requiring the ALJ to "evaluate every medical opinion."). Finally, the gaps in the medical record before the ALJ necessarily affected his analysis of Williams's credibility. *See Kennedy v. Astrue*, 343 Fed. Appx.

3

719, 722 (2d Cir. 2009) ("In determining the credibility of the individual's statements, the adjudicator must consider the entire case record."). On remand the ALJ shall properly consider all of the medical evidence, including Williams's submissions to the Appeals Council, and clarify any inconsistencies in the record. *See Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) (the evidence submitted to the Appeals Council is now part of the administrative record). The ALJ must re-assess both Williams's credibility and the materiality of Williams's history of substance abuse based upon that information.

Accordingly, the decision of the ALJ is reversed and remanded for further administrative proceedings consistent with this opinion.

**SO ORDERED.**

_/s/_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
July 11, 2012